IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SHA' SHONEE SOLOMON,

    Plaintiff,                             No. CIV S-07-0327 MCE DAD P

    vs.

MATHEW C. KRAMER, et al.,

    Defendants.                     FINDINGS AND RECOMMENDATIONS

         Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915.[1] This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 72-302 and 28 U.S.C. § 636(b)(1).

         The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

---

[1] Plaintiff's application is incomplete. The form was not signed by the authorized official at Folsom State Prison. In light of the court's findings and recommendations, the court will not order plaintiff to submit a new application.

granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A claim should be dismissed for failure to state a claim upon which relief may be granted only if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint.  See Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

In his complaint, plaintiff claims that the classification committee "applied a 'R' suffix to petitioner's [sic] C-file" which restricts plaintiff's visitations with his minor son and granddaughter. (Compl. at 2.)  Plaintiff argues that the committee's action was not based on his conviction but on a 1991 arrest and statements in the probation report.

According to title 15, section 3377.1(b) of the California Code of Regulations, "[a]n 'R' suffix shall be affixed by a classification committee to the inmate's custody designation to alert staff of inmates who have a history of specific sex offenses."  The regulation allows the classification committee to consider arrest reports.  The court will recommend that this action be

2

dismissed. A prisoner has no constitutional right to a particular classification status. Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir.1987) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) in which the Supreme Court expressly rejected a due process claim concerning prisoner classification); see also Aldana v. Yates, No. CV-F-06-0987 LJO DLB P, 2007 WL 2947601 (E.D. Cal. Oct. 9, 2007) (recommending dismissal of plaintiff's claim that an "R" suffix custody designation was wrongly imposed by the classification committee, adversely impacted plaintiff's ability to participate in job training and increased his custody status); Perales v. R. Hickman, No. CIV S-06-0358 MCE KJM P, 2007 WL 2225793 (E.D. Cal. July 31, 2007) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 461 (1989) and concluding that not only is there no liberty interest in having access to a particular visitor, there is also no state-created liberty interest in either classification or in visitation).

According, IT IS HEREBY RECOMMENDED that this action be dismissed for plaintiff's failure to state a claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 30, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
solo0327.56.wpd

3